UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
Gibson, Dunn & Crutcher LLP,                               :
                                                           :
               Petitioner,                               :
                                                           :
  -against-                                               :
                                                           :  Case No. 20-cv-00054
World Class Capital Group, LLC                             :
World Class Acquisitions, LLC,                             :
                                                           :
               Respondents.                              :
                                                           :
                                                           :
-----------------------------------------------------------x

**PETITION FOR AN ORDER CONFIRMING AN ARBITRAL AWARD AND
DIRECTING ENTRY OF JUDGMENT THEREON**

 

GIBSON, DUNN & CRUTCHER LLP
MITCHELL A. KARLAN
AMY MAYER
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Attorneys for Gibson, Dunn & Crutcher LLP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
GIBSON, DUNN & CRUTCHER LLP,                :
:
               Petitioner,                :
:
  -against-                                :
:  Case No. 20-cv-00054
WORLD CLASS CAPITAL GROUP, LLC              :
WORLD CLASS ACQUISITIONS, LLC,              :
:
               Respondents.               :
:
-----------------------------------------------------------x

## PETITION FOR AN ORDER CONFIRMING AN ARBITRAL AWARD AND DIRECTING ENTRY OF JUDGMENT THEREON

Petitioner Gibson, Dunn & Crutcher LLP ("Gibson Dunn" or "Petitioner"), by and through its attorneys, hereby respectfully alleges as follows:

1. This action seeks confirmation, pursuant to the Federal Arbitration Act, of a final arbitration award (the "Award") rendered on November 18, 2019 by a Judicial Arbitration and Mediation Services ("JAMS") arbitrator seated in New York City. *See* Ex. A (Final Award).[1] The Award was issued in favor of Gibson Dunn and against Respondents World Class Capital Group, LLC and World Class Acquisitions, LLC (collectively, "World Class" or "Respondents") in the amount of $870,633.63. Gibson Dunn seeks judgment thereon, and such other and further relief as the Court deems just and proper, including the accrual of post-Award interest at the statutory rate from the date of the Award to entry of judgment and from entry of judgment until the date of its full satisfaction.

---

[1] References to Ex. "___" are to the exhibits attached to the supporting Declaration of Mitchell A. Karlan, dated January 3, 2020, and filed herewith.

2. The Award resulted from an agreement contained in the parties' signed engagement letters to submit to binding arbitration by JAMS. The Terms of Retention, as agreed upon by the parties in the engagement letters and incorporated therein, provided that any dispute would be heard and decided by a single arbitrator in New York City. *See* Ex. B (Executed Engagement Letters dated February 1, 2016 and July 18, 2016). Gibson Dunn filed a Demand for Arbitration with JAMS, which World Class answered. The parties then engaged in, and Arbitrator Caroline Antonacci closely supervised, months of discovery, pre-trial briefing, the submission of voluminous exhibits, four days of live witness testimony in front of Arbitrator Antonacci, and post-trial briefing. Throughout the arbitration proceedings, both parties were represented by counsel and participated fully. In her detailed 11-page Interim Award, Arbitrator Antonacci set forth the relevant facts and law, her legal determinations, and her factual findings. *See* Ex. C (Interim Award). In the Final Award, Arbitrator Antonacci set forth her damages calculations. *See* Ex. A. In these circumstances, pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207, this Court "shall confirm" the Award, and direct the entry of judgment thereon.

## THE PARTIES

3. Petitioner Gibson Dunn is a law firm headquartered in Los Angeles, California, with offices in New York, as well as other major cities throughout the United States, Europe, the Middle East, Asia and South America.

4. Respondents World Class Capital Group, LLC and World Class Acquisitions, LLC (collectively, "World Class") is a privately owned investment firm that focuses on real estate. It is headquartered in Texas and has an office in New York.

**JURISDICTION**

5. This Court has original jurisdiction over this action under Chapter 1 of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and in particular 9 U.S.C. § 9, because Petitioner is applying for an order confirming an arbitration award in its favor and notice of its application is being served herewith on Respondent.

6. The court has personal jurisdiction over Respondents in this district under 28 U.S.C. § 1332 because venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

**VENUE**

7. Venue is proper in this district under 9 U.S.C. § 204 because, if not for the parties' agreement to arbitrate, Gibson Dunn's breach of contract claims against Respondents could have been brought in this district.

8. Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(3) because Respondents reside in the State of New York and within the Southern District of New York.

9. In addition, venue is proper in this district under 29 U.S.C. § 1451(d) because Respondents do business in this district.

10. Finally, venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Petitioner's claims occurred in the Southern District of New York—namely, the arbitration that resulted in the Award.

## THE ARBITRATION AND AWARD

11. On November 20, 2018, Gibson Dunn filed its Demand for Arbitration with JAMS. Ex. D (Demand for Arbitration).

12. On December 18, 2018, Respondents answered Gibson Dunn's Demand for Arbitration through its corporate counsel Maryann Norwood. Ex. E (WCCG Demand Response). Ms. Norwood represented Respondents throughout the arbitration proceedings.

13. On February 14, 2019, Respondents submitted a Preliminary Response to Claimant's Statement of Claim; on March 12, 2019, Respondents submitted a Substantive Response to Claimant's Demand for Arbitration; and on April 3, 2019, Respondents submitted its Clarification of Defenses to Claimant's Statement of Claim. Ex. F (Preliminary Response; Substantive Response; Clarification of Defenses).

14. JAMS appointed Ms. Caroline Antonacci as Arbitrator on January 10, 2019. Ex. G (Arbitrator Appointment). The arbitration was assigned JAMS arbitration number 1425028269, and was captioned *Gibson, Dunn & Crutcher LLP v. World Class Capital Group, LLC and World Class Acquisitions, LLC*. Ex. A.

15. On February 7, 2019, the parties held a telephonic conference, at which the parties confirmed that "The JAMS Comprehensive Arbitration Rules & Procedures govern the conduct of this arbitration" and "The substantive laws of the State of New York apply to this dispute." Ex. H (Procedural Order No. 1).

16. Arbitrator Antonacci thereafter promptly issued Procedural Orders establishing a process and timetable for discovery, as well as a schedule for depositions and the arbitration hearing. The parties then engaged in extensive discovery, including interrogatories. Over the course of discovery, the parties submitted a number of discovery and scheduling disputes to

Arbitrator Antonacci, and Arbitrator Antonacci resolved those disputes in Procedural Orders. Ex. I (Procedural Orders Nos. 2-8).

17. Once discovery was complete, the parties each submitted opening pre-trial briefs discussing the relevant legal and factual issues, as well as over 300 exhibits.

18. Arbitrator Antonacci then heard live testimony for four days—May 28, May 29, June 28, and July 16, 2019—consisting of direct and cross-examination of five witnesses. In addition, Arbitrator Antonacci asked questions of the witnesses. *See* Ex. A.

19. The parties simultaneously submitted post-hearing briefs on August 22, 2019. Pursuant to Procedural Order 10, dated September 5, 2019, "a further briefing schedule was set so that any application for interest, attorneys' fees and costs that Claimant might choose to make could be resolved within the Final Award." Ex. J (Procedural Order 10).

20. Claimant filed its Application for Interests, Fees, and Costs on September 19, 2019. Respondents filed an Opposition to the Application for Interests, Fees, and Costs on October 2, 2019. Ex. C.

21. On October 18, 2019, Arbitrator Antonacci issued the Interim Award. In the Interim Award, Arbitrator Antonacci detailed the factual history of the parties' relationship, analyzed the terms of the engagement letters between the parties, described the work that Gibson Dunn performed on Respondents' behalf, and set forth the timeline of invoicing and payments (or lack thereof). Arbitrator Antonacci further assessed the myriad reasons that Respondents' arguments—regarding the lack of binding engagement letters and incorrect parties, breach of contract, and negligent representation—each lacked merit. *See* Ex. C.

22. The Interim Award provided that Claimant was to submit the calculation of the 1% late fee (provided in the engagement letters) or the 9% statutory prejudgment amount, as well

5

as 80% of all JAMS Arbitration fees and Arbitration compensation and expenses. *Id*. On November 18, following letters from Claimant and Respondent, Arbitrator Antonacci issued the Final Award. Ex. A.

22. The Final Award provided that "Claimant has established its breach of contract claim and, in accordance with the Engagement Letter Agreements and incorporated Terms of Retention, . . . Respondents shall pay to Claimant $90,233.55 plus interest of $7,320.04 and late fees of $20,677.08 for a Total of $118,230.67 on the Project Lasso extension matter. Additionally, Respondents shall pay to Claimant $605,736.05 plus interest of $49,139.30 and late fees of $63,527.61 for a Total of $718,402.96 on the PPM matter." Ex. A.

23. The Final Award further provided for 80% of all JAMS fees paid by Gibson Dunn in connection with the arbitration, for a total of $34,000. *Id*.

24. In total, Respondents owe Claimant a total of in the amount of $870,633.63, prior to post-Award interest at the statutory rate from the date of the Award to entry of judgment and from entry of judgment until the date of its full satisfaction.

25. Arbitrator Antonacci made crystal clear that "All of Respondents' remaining defenses and affirmative defenses are denied" and "This FINAL AWARD is in full settlement of all claims submitted to this Arbitration. To the extent that any claim is not specifically mentioned herein, it is denied." *Id*.

26. Respondents may not, on the basis of collateral estoppel, re-litigate the affirmative defenses already adjudicated to be meritless by Arbitrator Antonacci.

27. No prior application has been made for the relief requested herein.

28. Entry of judgment thereon against Respondents is appropriate. *See* 9 U.S.C. § 13.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner Gibson Dunn respectfully requests that the Court enter an order:

(i) Confirming the Award;

(ii) Directing entry of judgment thereon against Respondents World Class in conformity with the Award; and

(iii) Awarding Gibson Dunn such other and further relief as the Court deems just and proper, including post-Award interest at the statutory rate from the date of the Award to entry of judgment and from entry of judgment until the date of its full satisfaction.

Dated: New York, New York
January 3, 2020

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Mitchell A. Karlan
Mitchell A. Karlan
Amy Mayer

200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Attorneys for Gibson, Dunn & Crutcher LLP