UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GIBSON, DUNN & CRUTCHER LLP,

                        Petitioner,                     20 cv 54(PKC)

   -against-

                                                          <u>ORDER</u>

WORLD CLASS CAPITAL GROUP, LLC and
WORLD CLASS ACQUISTIONS, LLC,
                       Respondent.
-------------------------------------------------------------x
CASTEL, U.S.D.J.

        The Court has an independent obligation to examine its subject matter jurisdiction., a task best done at the outset of the case.

        The Federal Arbitration Act ("FAA") is not a grant of subject matter jurisdiction and courts "look through" the arbitration claim to determine whether there is an independent basis for subject matter jurisdiction over the underlying dispute. <u>Landau v. Eisenberg</u>, 922 F.3d 495, 498 (2d Cir. 2019) ("a district court should employ the 'look through' approach described in <u>Doscher</u> when determining subject matter jurisdiction over petitions to confirm arbitration awards under § 9.")(citing <u>Doscher v. Sea Port</u>, 832 F.3d 372 (2d Cir. 2016).

        No basis for federal question jurisdiction appears from the face of the petition. If the basis for subject matter jurisdiction is diversity of citizenship, petitioner must allege the citizenship of the members of petitioner's LLP and the citizenship of the members of the two respondent LLCs. If any LLC is a corporation, then the state of incorporation and the principal place of business of the member corporation must be alleged. <u>See</u> <u>Handelsman v. Bedford Vill. Assocs. Ltd. P'ship</u>, 213 F.3d 48 (2d Cir. 2000).

Petitioner shall amend its petition within 45 days of this Order or the petition will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
January 6, 2020